IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST A. CRUMP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-329-SLR |
| | ) |
| ROBERT MAY, THOMAS RYGIL, | ) |
| VINCE BIANCA and STAN TAYLOR. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of June, 2005, having reviewed plaintiff's complaint and amended complaint,

IT IS ORDERED that plaintiff's complaint survive review under 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) for the reasons that follow:

1. Having granted in forma pauperis on June 14, 2004 (D.I. 4), the court must now determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if

If plaintiff's complaint falls under any one of the exclusions, the complaint will be dismissed.

2.  When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review provided for in Fed. R. Civ. P. 12(b)(6). Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). According to the Third Circuit, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed." Id. The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]

3.  With this in mind, pro se complaints are reviewed under "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting

---

feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Accordingly, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); accord Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

4. Plaintiff alleges violations of: (1) his First Amendment right to freedom to exercise religion; (2) his Fourth Amendment right to be free from unlawful search and seizure; and (3) his Eighth Amendment right to personal property. (D.I. 2) He claims his jewelry, assorted personal items, Koran and Kufi were taken and never returned when he was transferred from Morris Community Correctional Center to Delaware Correctional Center in August 2002.

5. The negligent loss of an inmate's property does not rise to the level of a Constitutional violation. Daniels v. Williams, 474 U.S. 327 (1986). Moreover, the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1986). The appropriate remedy for such claims is in State court against the responsible individuals. To the extent plaintiff seeks relief for the taking of his jewelry and assorted personal items, the claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

6. With respect to the taking of his Koran and Kufi, which plaintiff claims deprived him of his First Amendment right to exercise his religion, the claim survives frivolousness review.

"The Free Exercise Clause of the First Amendment provides that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'" Sutton v. Rasheed, 323 F.3d 236, 250-251 (3d Cir. 2003)(quoting U.S. CONST. amend. I.)  Incarceration, however, results in a restriction of Constitutional protections.  Fraise v. Terhune, 283 F.3d 506, 515 n. 5 (3d Cir. 2002).  Such institutional restrictions and regulations must be weighed under a four-factor test.  Turner v. Safley, 482 U.S. 78 (1987).  The taking of plaintiff's Koran and Kufi needs to be assessed under this caselaw.

7. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall submit to the court **within thirty (30) days** an **original** United States Marshal-285 form for each of the defendants.  Failure to submit these forms may provide grounds for dismissal of these defendants from this action pursuant to Fed. R. Civ. P. 4(m).

6. Upon receipt of the completed United States Marshal-285 forms, the United States Marshal shall serve a copy of the signed complaint and this order upon defendants as directed by plaintiff.  All costs of service shall be advanced by the United States.

_____
United States District Judge