IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

ERNEST A. CRUMP, JR,
    PLAINTIFF,

V.                                                                C.A. NO. 04-329-SLR

ROBERT MAY
    ET AL
    DEFENDANTS,


PLAINTIFFS FIRST SET OF INTERROGATORIES TO
DEFENDANT VINCE BIANCA


TO THE DEFENDANT, VINCE BIANCA,
YOU ARE HEREBY NOTIFIED TO ANSWER UNDER OATH, THE INTERROGATORIES NUMBERED 1 TO 11, INCLUSIVE AS SHOWN BELOW, WITHIN 30 DAYS OF THE TIME OF SERVICE IS UPON YOU, IN ACCORDANCE WITH RULE 33 OF THE FEDERAL RULES OF CIVIL PROCEDURES.

    INTERROGATORY NO. 1. IS'NT IT TRUE THAT WHEN THE PLAINTIFF WAS APPREHENDED ON 8-29-02 BY ROBERT MAY, THOMAS RYGIL AND THE EMERGENCY RESPONSE TEAM AND RETURNED TO MORRIS COMMUNITY CORRECTIONAL CENTER, YOU WERE THERE UPON HIS ARRIVAL OR ARRIVED SHORTLY THEREAFTER HIS ARRIVAL?.


    INTERROGATORY NO. 2. IS'NT IT TRUE THAT BY YOUR ORDER AND DIRECTIVE, ON 8-30-02 THE PLAINTIFF WAS ADMINISTRATIVELY TRANSFERED FROM MORRIS COMMUNITY CORRECTIONAL CENTER TO DELAWARE CORRECTIONAL CENTER?.


(1)

INTERROGATORY NO. 3. IS'NT IT TRUE THAT ROBERT MAY FILED AND OBTAINED A WARRANT ON 8-29-02 FOR THE PLAINTIFFS ARREST FOR ESCAPE AFTER CONVICTION?

INTERROGATORY NO. 4. IS'NT IT TRUE THAT EVENTHOUGH THE PLAINTIFF WAS APPREHENDED BY ROBERT MAY, THOMAS RYGIL AND THE EMERGENCY RESPONSE TEAM ON 8-29-02, SAID WARRANT WAS'NT EXECUTED UNTIL 9-05-02?

INTERROGATORY NO. 5. IS'NT IT TRUE THAT ON 8-30-02, THE DAY OF THE PLAINTIFFS ADMINISTRATIVE TRANSFER TO D.C.C., HE HAD NOT BEEN OFFICIALLY CHARGED WITH ESCAPE?

INTERROGATORY NO. 6. IS'NT IT TRUE THAT SINCE THE PLAINTIFF WAS A RESIDENT AT MORRIS COMMUNITY CORRECTIONAL CENTER AT THE TIME OF THE ESCAPE WARRANT, AND WAS RETURNED BACK TO THE CENTER 5 HOURS LATER, AND SPENT THAT NIGHT AND ALSO THE PARTIAL MORNING OF THE NEXT DAY THERE, AND WAS NOT FORMALLY AND OFFICIALLY CHARGED UNTIL 6 DAYS LATER, THAT TECHNICALLY, HE WAS STILL A RESIDENT AT YOUR CENTER WHEN YOU HAD HIM ADMINISTRATIVELY TRANSFERED TO D.C.C. ON 8-30-02?

INTERROGATORY NO. 7. IS'NT IT TRUE, THAT WHENEVER A INMATE IS TRANSFERED TO ANOTHER CORRECTIONAL FACILITY AND WILL NOT BE RETURNING BACK TO THE FACILITY HE WAS TRANSFERED FROM, ALL HIS PROPERTY, INCLUDING HIS KORAN AND KUFI, WHICH ALLOWS HIM TO EXERCISE HIS RELIGION, IS SUPPOSE TO BE INVENTORIED BY THE SENDING INSTITUTION AND THEN TRANSFERED ALONG WITH THAT INMATE TO THE RECEIVING INSTITUTION?

(2)

INTERROGATORY NO. 8. IS'NT IT TRUE THAT WHEN THE PLAINTIFF WAS TRANSFERED FROM MORRIS COMMUNITY CORRECTIONAL CENTER ON 8.30.02, TO DELAWARE CORRECTIONAL CENTER, NONE OF HIS PERSONAL PROPERTY, INCLUDING HIS HOLY KORAN AND KUFI WERE TRANSFERED ALONG WITH HIM, NOR CAME AT A LATER TIME?

INTERROGATORY NO. 9. IS'NT IT TRUE THAT YOU RECEIVED 2 LETTERS FROM THE PLAINTIFF, ONE DATED 9-12-02 AND THE OTHER ONE DATED 9-22-02, IN REFERENCE TO HIS PERSONAL PROPERTY BEING TRANSFERED ALONG WITH HIM FROM MORRIS COMMUNITY CORRECTIONAL CENTER TO DELAWARE CORRECTIONAL CENTER?

INTERROGATORY NO. 10. IS'NT IT TRUE THAT YOU NEVER CORRESPONDED BACK TO THE PLAINTIFF IN REFERENCE TO HIS 2 LETTERS SENT TO YOU ABOUT HIS PROPERTY?

INTERROGATORY NO. 11. IS'NT IT TRUE THAT THE PLAINTIFFS PERSONAL PROPERTY, AT THE VERY LEAST, HIS HOLY KORAN AND KUFI, COULD HAVE BEEN TRANSFERED ALONG WITH HIM WHEN YOU HAD HIM ADMINISTRATIVELY TRANSFERED TO D.C.C. ON 8.30.02?

DATED: 06.27.05

*[signature]*
PLAINTIFF
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DE. 19977