IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-329-SLR |
| | ) |
| ROBERT MAY, THOMAS RYGIL, | ) |
| VINCE BIANCA, and STAN TAYLOR, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF STAFF LIEUTENANT ROBERT MAY

I, Staff Lieutenant Robert May, having been duly sworn according to law do hereby depose and state the following:

1. I make this Affidavit based upon my personal knowledge.

2. I am an employee of the Delaware Department of Correction ("DOC"). Currently, I am assigned to the Central Violation of Probation Center in Smyrna, Delaware.

3. On August 29, 2002, I was assigned to the Morris Community Correctional Center ("MCCC"), a Level IV facility in Dover, Delaware.

4. On or about December 12, 2001, Plaintiff Ernest Crump, Jr. ("Crump") was paroled to MCCC. *See* Crump's Conditions of Level IV Parole Supervision attached hereto as Exhibit 1. At that time, by his signature on his Conditions of Parole Supervision, Crump acknowledged and agreed to abide by the facility rules and regulations set forth in MCCC's Orientation Manual, which is attached hereto as Exhibit 2.

5. In addition, on March 15, 2002, Crump signed the MCCC Resident Signature Form indicating that he had received a copy of the Orientation Manual, had MCCC's rules and procedures explained to him, and agreed to abide by them. *See* MCCC Resident Signature Form attached hereto as Exhibit 3.

6. MCCC's Orientation Manual provides that inmates are permitted to have reasonable quantities of clothing, cosmetics and personal items. The Orientation Manual further states that, if an inmate is placed on escape status, MCCC is not responsible for the inmate's personal belongings. Any items left at MCCC and not recovered may be donated to charity. If an inmate is returned to a higher security facility, MCCC is not responsible for any lost or stolen property. In the event that the inmate returns or is apprehended, that inmate's property is retained for seven days so that the inmate can have someone pick up the property. If the property is not retrieved within seven days, the property may be donated to charity. Exhibit 2.

7. If an inmate is apprehended and then assigned to a Level V facility, the inmate is not permitted to bring his personal property with him to the receiving Level V facility. This procedure, which is designed to prevent an inmate from bringing drugs, weapons and other contraband into the facility, ensures the safety and security of the facility, DOC staff and other inmates.

8. On August 29, 2002, I was working as the Shift Commander at MCCC, when I was called to respond to an offender escape. At that time, I assumed the duties of Escapee Recovery Team Leader. I was advised that, at approximately 5:26 p.m., Crump left the grounds of MCCC, without permission, and was placed on escape status.

9. An administrative warrant was issued for Crump's arrest, and upon his

apprehension, he was returned to a Level V facility. *See* Administrative Warrant attached hereto as Exhibit 4.

10.     As indicated by his signature on Exhibits 1 and 3, Crump was aware of MCCC's personal property policies. In fact, he took advantage of that policy on September 5, 2002 when he prepared and signed a written document authorizing a friend to pick up his pay check from MCCC. *See* Authorization attached hereto as Exhibit 5. Crump did not list his Quran or his kufi in that written, signed authorization.

_____
Staff Lieutenant Robert May

SWORN TO AND SUBSCRIBED before me this  12th  day of  September , 2005.