IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-329-SLR |
| ) | |
| ROBERT MAY, THOMAS RYGIL, ) | |
| VINCE BIANCA, and STAN TAYLOR, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ROBERT MAY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**COMES NOW**, State Defendant, Staff Lieutenant Robert May, by and through undersigned counsel, and responds to Plaintiff's First Set of Interrogatories as follows:

1. Isn't it true that you filed a warrant against the Plaintiff on 08-29-02 for escape after conviction?

   **ANSWER**: Yes.

2. Isn't it true that you, along with the Emergency Response Team, apprehended the plaintiff on 8.29.02 and returned him back to Morris Community Correctional Center on 8.29.02?

   **ANSWER**: Yes.

3. Isn't it true that immediately after a inmate is apprehended on a warrant he's suppose to be placed under arrest, the warrant be executed and he appears before the nearest magistrate available without unreasonable delay?

   **ANSWER**: No.

4. Isn't it true that the nearest magistrate available from Morris Community Correctional Center is less than 5 minutes away?

   **ANSWER**: NO.

5. Isn't it true, that although the plaintiff was returned to Morris Community Correctional Center on 08-29-02, and remained housed at Morris Community Correctional Center until 08-30-02, he still was'nt taken to the nearest magistrate on 08-29-02 or 08-30-02 or any other time while he was at Morris Correctional Center?

   **ANSWER:**  Yes. Ernest Crump was apprehended in the late hours on 08/29/2002 by the escape apprehension team. He was returned to the Kent Work Release Center (Temporarily Placed in holding pending transportation arrangements) where additional paperwork had to be completed. Ernest Crump was transported to DCC in the Early Morning hours by the 2300 – 0700 shift.

6. Isn't it true that the plaintiff was Administratively Transferred from Morris Community Correctional Center to Delaware Correctional Center on 08-30-02 without the escape warrant being executed?

   **ANSWER**: No.

7. Isn't it true that when a inmate is Administratively Transferred to another correctional facility and will not be returning back to the facility he was transferred from, his personal property is suppose to be inventoried by the sending institution and then transferred along with that inmate to the receiving institution?

   **ANSWER**: No.

8. Isn't it true that on 08-29-02 and 08-30-02, you were Corporal Thomas Rygil's immediate supervisor?

   **ANSWER:** On 08/29/2002 Cpl. Rygiel was working in the facility. I was relieved as shift commander of facility to assume duties of Escapee Recovery Team leader immediately after the escape took place to investigate and apprehend Escapee Ernest Crump, which had escaped out of the rear employee entrance on the evening of 08/29/2005. Cpl. Rygiel was called in to alleviate staff shortage in the facility that resulted from the apprehension team being activated. However, Cpl. Rygiel's assigned supervisor is Lt. William Smith.

9. Isn't it true that you didn't stop Corporal Thomas Rygil from taking off the plaintiff's body on 08-30-02 before he was transferred to Delaware Correctional Center, the following items; his 2 rings, 2 necklaces, 1 watch, 1 pair of shoes, I shirt, 1 belt and pants?

   **ANSWER:** I have no personal knowledge of Plaintiff's alleged possession of 2 rings, 2 necklaces, 1 watch.

10. Isn't it true that you allowed Corporal Thomas Rygiel to have the plaintiff put on Department of Correction clothes and sneakers after he took the plaintiff's personal property?

    **ANSWER:** No. It is standard procedure to change the offender out into DOC clothing prior to transporting the offender to a higher level of security.

11. Isn't it true that none of the plaintiffs personal property, including his Holy Koran, Kufi, Legal paperwork, Hygenic articles or the items taken off his body by Corporal Thomas Rygil, was transferred along with him to Delaware Correctional Center on 08-30-02?

**ANSWER**: I have no personal knowledge of plaintiff's personal property.

12. Isn't it true that you made the decision not to send the plaintiffs personal property along with him to Delaware Correctional Center when he was Administratively Transferred from Morris Community Correctional Center on 08-30-02?

**ANSWER**: No

13. If you answered no to interrogatory No. 12, then state who made that decision. If you answered yes to interrogatory No. 12., then go to interrogatory No. 14.

**ANSWER**: There was no decision made. This was a matter of standard procedure.

14. Isn't it true that the plaintiffs personal property, in particular, his Holy Koran, Kufi, Hygenic Articles and his jewelry and watch taken from his body, could have been transferred along with him when he was Administratively Transferred to Delaware Correctional Center on 08-30-02?

**ANSWER**: No.

_____
Staff Lieutenant Robert May

SWORN TO AND SUBSCRIBED before me this 11th day of October 2005.

_____
Notary

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed *State Defendant Robert May's Answers to Plaintiff's First Set of Interrogatories,* with the Clerk of Court using CM/ECF. I hereby certify that on December 19, 2005, I have mailed by United States Postal Service, the documents to the following non-registered participant: Ernest A. Crump, Jr.; SBI #149221; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us