IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-329-SLR |
| ) | |
| ROBERT MAY, THOMAS RYGIL, ) | |
| VINCE BIANCA, and STAN TAYLOR, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT VINCE BIANCA'S[1] RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

State Defendant, Vince Bianco responds to Plaintiff's Request for Admissions as follows:

1. Defendant Robert May was on duty at Morris Community Correctional Center on the evening of August 29, 2002, between the hours of 4:00 P.M. and Midnight.

   **RESPONSE:** Admitted.

2. Defendant Robert May was on duty at Morris Community Correctional Center(MCC) on the morning of August 30, 2002, between the hours of 12:00 A.M. until the time the Plaintiff was transferred from MCC to the Delaware Correctional Center(DCC) <enter on August 30, 2002.

   **RESPONSE:** Admitted.

3. Defendant Thomas Rygil was on duty at the Morris Community Correctional Center the evening of August 29, 2002, between the hours of 4:00 PM and midnight.

   **RESPONSE:** Admitted.

---
[1] Plaintiff misspells Defendant Bianca's name. The proper spelling is "Bianco"

4. Defendant Thomas Rygil was on duty at Morris Community Correctional Center on the morning of August 30, 2002, between the hours of 12:00 A.M until the time the Plaintiff was transferred from Morris Community Correctional Center to Delaware Correctional Center on August 30, 2002.

**RESPONSE**: Admitted.

5. Defendant Vince Bianca was on duty or returned back to duty at MCC on the evening of August 29, 2002, after the Plaintiff was returned to said center on August 29, 2002.

**RESPONSE**: Admitted.

6. Defendant Vince Bianca was on duty or returned to duty at Morris Community Correctional Center on the morning of August 30, 2002, between the hours of 12:00 A.M. until the time the plaintiff was transferred from Morris Community Correctional Center to Delaware Correctional Center on August 30, 2002.

**RESPONSE**: Admitted.

7. None of the Plaintiff's personal property including Koran and Kufi were inventoried and transferred along with him to Delaware Correctional Center on August 30, 2002.

**RESPONSE:** Defendant Bianco is without sufficient knowledge or information to admit this averment.

8. Defendant Vince Bianca received a letter from the plaintiff dated 9.12.02 in reference to his personal property, including his Koran and Kufi, not being transferred along with him to Delaware Correctional Center.

**RESPONSE**: I do not recall receiving correspondence from the offender dated

9.12.02.

9. Defendant Vince Bianca received a letter from the plaintiff dated 9.12.02 in reference to his personal property, including his Koran and Kufi, not being transferred along with him to Delaware Correctional Center.

**RESPONSE**: This request is redundant. See response to #8.

10. Defendant Vince Bianca never corresponded back to the plaintiff's letters dated 9.12.02 and 9.22.02.

**RESPONSE**: I do not recall receiving correspondence from the offender dated 9.12.02 or 9.20.02

_____
Vince Bianco

SWORN TO AND SUBSCRIBED before me this ___9th___ day of __Nov,__, 2005
2005.

_____
Notary
Kent D. Raymond

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed *State Defendant Vincent Bianco's Responses to Plaintiff's First Request For Admissions,* with the Clerk of Court using CM/ECF. I hereby certify that on December 19, 2005, I have mailed by United States Postal Service, the documents to the following non-registered participant: Ernest A. Crump, Jr.; SBI #149221; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us