IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-329-SLR |
| | ) |
| ROBERT MAY, THOMAS RYGIL, | ) |
| VINCE BIANCA, and STAN TAYLOR, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT VINCENT BIANCA'S [1]RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

State Defendant, Vince Bianco responds to Plaintiff's First Set of Interrogatories as follows:

1. Isn't it true that when the Plaintiff was apprehended on 8.29.02 by Robert May, Thomas Rygil and the Emergency Response Team and returned to Morris Community Correctional Center, you were there upon his arrival or arrived shortly thereafter his arrival?

**ANSWER**: I was on the grounds of the facility when the plaintiff was returned from escape status.

2. Isn't it true that by your order and directive on 8-3-02 the Plaintiff was administratively transferred from Morris Community Correctional Center(MCC) to Delaware Correctional Center?

**ANSWER**: The Plaintiff was transferred to the Delaware Correctional Center on the strength of an emergency capias and active warrant for escape after conviction.

---

[1] Plaintiff misspelled Defendant Vince Bianca's name throughout this document. The proper spelling is "Vince Bianco".

3. Isn't it true that Robert May filed and obtained a warrant on 8.29.02 for the Plaintiff's arrest for escape after conviction?

**ANSWER**: I do not know who obtained the warrant for escape after conviction.

4. Isn't it true that even though the plaintiff was apprehended by Robert May, Thomas Rygil and the Emergency Response Team on 8.29.02 said warrant was not executed until 9-05-02?

**ANSWER**: I do not know when the warrant was executed.

5. Isn't it true that on 8.30.02 the day of the Plaintiff's administrative transfer to D.C.C. he had not been officially charged with escape?

**ANSWER**: See answer #2.

6. Isn't it true that since the Plaintiff was a resident at Morris Community Correctional Center at the time of the escape warrant, and was returned back to the center 5 hours later, and spent the night and also the partial morning of the next day there, and was that technically, he was still a resident at your center when you administratively transferred to D.C.C. on 8.30.02?

**ANSWER**: I do not understand the question.

7. Isn't it true, that whenever a inmate is transferred to another correctional facility and will not be returning back to the facility he was transferred from, all his property, including his Koran and Kufi, which allows him to exercise his religion, is suppose to be inventoried by the sending institution and then transferred along with that inmate to the receiving institution?

**ANSWER**: In the event of a scheduled transfer, personal items are sent with the offender. Should the offender escape from custody, staff secure items abandoned by the

offender and store same for a minimum of 30 days before donating same to charity.

8. Isn't it true that when the Plaintiff was transferred from the Morris Community Correctional Center on 8.30.02 to Delaware Correctional Center, none of his personal property, including his Holy Koran and Kufi were transferred along with him, nor came at a latter date?

**ANSWER**: I have no idea what personal property if any the plaintiff possessed.

9. Isn't it true that you received 2 letters from the Plaintiff, one dated 9.12.02 and the other dated 9.22.02, in reference to his personal property being transferred along with him from Morris Community Correctional Center to Delaware Correctional Center?

**ANSWER**: I do not recall receiving correspondence from the offender dated 9.12.02. or 9.22.02.

10. Isn't it true that you never corresponded back to the plaintiff in reference to his 2 letters sent to you about his property?

**ANSWER**: I do not recall receiving correspondence from the offender dated 9.12.02. or 9.22.02.

11. Isn't it true that the plaintiff's personal property, at very least, his Holy Koran and Kufi could have been transferred along with him when you had him administratively transferred to D.C.C. on 8.30.02?

**ANSWER**: See Answer # 7

_____
Vincent Bianca

SWORN TO AND SUBSCRIBED before me this 9th day of Nov., 2005.

_____
Notary
Kent D. Raymond

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed *State Defendant Vincent Bianco's Answers to Plaintiff's First Set of Interrogatories,* with the Clerk of Court using CM/ECF. I hereby certify that on December 19, 2005, I have mailed by United States Postal Service, the documents to the following non-registered participant: Ernest A. Crump, Jr.; SBI #149221; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us